JOHN HILL *v.* GEORGE W. HARDY & THOMAS R. WILLIAMS.

PROBATE COURT: JURISDICTION.—The Court of Probates has no jurisdiction to entertain a petition against the administrator and a distributee, to enforce an alleged assignment by such distributee, of his interest in the estate, to the petitioner.

APPEAL from the Court of Probates of Monroe county. Hon. W. A. Tucker, judge.

· This was a petition filed in the court below, by Hardy & Williams, against Thomas, the administrator, and against Elizabeth Hill, John Hill, and Thompson Hill, distributees of John Hill, deceased, in which it was alleged that the petitioners had purchased, for a valuable and full consideration, the interest of the said distributees, in two slaves belonging to said estate; that these two slaves had afterwards been sold by the administrator, and that the proceeds of said sale constituted the balance found against the administrator, on his final settlement. The petitioners prayed that when distribution was ordered, that the shares of the said Elizabeth, John, and Thompson be decreed to be paid to them.

The defendants demurred to this petition, and their demurrer being overruled, they then answered, denying the assignment.

Proof. was taken on this issue, and on final hearing, the court decreed ·in favor of the petitioners, and from the decree the distributees appealed.

*J. M. Acker*, for appellants,

Insisted that the court below had no jurisdiction over the cause; and, to sustain this view, cited 7 How. Miss. 229; *Scott* v. *Searles*, 5 S. & M. 25; *Green* v. *Tunstall*, 5 How. Miss. 638.

*James Phelan*, for appellees.

SMITH, C. J., delivered the opinion of the court.

This case is brought before us by appeal taken to a decree of the Court of Probates of Monroe county.

The proceeding was, originally, a petition filed in said court by the appellees, in which it was alleged that the appellees had purchased from Elizabeth, John, and Thompson Hill, their interest, as distributees of the estate of John Hill, deceased, in two slaves, Emily and Cynthia, for which they had paid a full consideration. That the administrator of the said deceased's estate had filed his final account for settlement and allowance, and that the amount in the hands of the administrator for distribution, consisted of the proceeds of the sale of the said slaves. The prayer is that, upon ordering distribution, the portion of the sum to be distributed, and to which the respondents are entitled as distributees, be decreed to

be paid to the petitioners. A demurrer was filed to the petition, which was overruled, and the respondents ordered to answer. A final decree was rendered in favor of the petitioners, and this appeal was prosecuted.

The Court of Probates, in the discharge of the duties imposed upon it by the constitution and laws made pursuant thereto, may, when the question is incidentally presented, decide upon the validity of titles, or the validity and construction of contracts. But when questions of this nature are presented in a direct proceeding, not connected with orphans' business, the administration of the estates of deceased persons, &c., it is manifest that the Courts of Probates have no jurisdiction whatever. The application of any other principle would confound the authority of these courts and the jurisdictions of courts of law and equity.

The petitioners were not creditors, in any sense of the term, of deceased's estate. It was a proceeding, by persons in nowise connected with the administration of his estate, to set up and enforce a contract of assignment, in which the questions of the validity and construction of the agreement were directly presented for adjudication. If the court had a right to decide these questions, and to afford the relief prayed for, in the manner in which it was sought, there are very few questions arising upon titles and contracts, in which distributees, legatees, and even creditors, of deceased persons are interested, over which the Courts of Probates would not have jurisdiction.

It seems very clear that the court had no jurisdiction of the case presented by the petition; the demurrer, therefore, should have been sustained, and the cause dismissed.

We reverse the decree, and dismiss the petition.