GEORGE KNOWLTON, *App't*, *versus* STEPHEN C. JOHNSON, *Adm'r*.

The assignee of one of the heirs of a deceased person is not entitled to a decree that the distributive share of the assignor shall be paid to him, by the administrator; otherwise, a Judge of Probate would exercise common law jurisdiction in matters between contesting parties, not relating to acts of the intestate, but to contracts of the heirs after his decease.

EXCEPTIONS from the ruling of DAVIS, J.

THE DECREE of the Judge of Probate of the county of Waldo, from which an appeal was taken by said Knowlton, was one directing the administrator of the estate of William Johnson, deceased, to divide among the heirs of said deceased a surplus remaining in his hands upon the settlement of his final account of administration of said deceased's estate. One of the heirs of said deceased was one Joshua L. Johnson. .

The surplus ordered to be divided as aforesaid was part of the proceeds of the sale of the real estate of said deceased, consisting of his homestead farm, which had been sold by said administrator, by virtue of a license from the Judge of Probate. The said Joshua L. Johnson, by his deed, dated and recorded on the 2d day of October, 1852, quit-claimed his interest in the aforesaid real estate to the petitioner, before said sale under said license.

· The petitioner claims that the decree should have directed said administrator to pay the amount due said Joshua L. Johnson to him, as assignee, and not to said Johnson.

The decree of the Probate Court was affirmed by DAVIS, J., at *Nisi Prius*. To which ruling the said Knowlton excepted.

*J. W. Knowlton*, in support of the exceptions.

*White, contra.*

The opinion, concurred in by a majority of the members of the Court, was drawn up by

DAVIS, J.—One of the heirs of the estate sold his interest therein to the petitioner.   A surplus remained in the hands of the administrator to be distributed.   The petitioner claimed that the distributive share of the heir who had sold to him should be decreed to be paid to him by the administrator.   But the Judge of Probate disregarded the assignment, and ordered it to be paid to the heir.   The petitioner appealed; at *Nisi Prius*, the decree was affirmed; and the petitioner excepted.   The decree was correctly made.   To hold otherwise would give the Judge of Probate common law jurisdiction, in matters between contesting parties, not relating to acts of the *intestate*, but to contracts of the *heirs*, after his decease.   He has no such jurisdiction.   The decree must be made to the heir.   If he has assigned his interest, the assignee may notify the administrator of the assignment; or, if the money is paid to the heir, proceed against him at common law.   So it has been recently held in New Hampshire, in a similar case.   *Wood* v. *Stone*, Law Reporter, Jan., 1860.

The exceptions must be overruled.