<hr />

### W. J. PORTEVANT et al. *v.* JOSEPH NEYLAUS, Judge, &c.

PROBATE COURT: JURISDICTION: DECREE IN FAVOR OF ASSIGNEE OF A DIS-
TRIBUTIVE SHARE VOID.—An assignee of a distributive share of a deceased person's estate, is a stranger to the jurisdiction of the Court of Probates, and a decree rendered by that court directing payment of a distributive share to him, is therefore void, and cannot be made the foundation of any legal proceeding whatever : and hence, a suit on the bond of an executor or administrator in the name of the probate judge, for the use of such assignee, cannot be maintained.

ERROR to the Circuit Court of Lawrence county.   Hon. John E. McNair, judge.

*F. Anderson,* for the plaintiffs in error.

1. An action on an executor's or administrator's bond to collect a distributive share, cannot be maintained, until a decree has been first rendered in the Probate Court, fixing the liability of the trustee.   *Green* v. *Tunstall,* 5 How. 652 ; *Jones* v. *Irving's Ex'ors,* 23 Miss. R. 361 ; *Washburn* v. *Philips,* 6 S. & M. 431–2 ; *Burrus* v. *Thomas,* 13 Ib. 464 ; *Thornton* v. *Glover,* 25 Miss. R. 134.

2. It has been frequently decided in this court, that the Probate

Portevant et al. *v.* Neylaus.

Court has no jurisdiction to decree payment of a distributive share to an assignee; and it hence follows, that the decree in favor of Buckley is void, and the demurrer should have been extended back to the declaration. *McCoy* v. *Rhodes*, 7 S. & M. 296; *Burnett* v. *Strong*, 26 Miss. R. 116; 28 Ib. 710; *Locke* v. *Williams*, 36 Ib. 187.

*W. P. Harris*, for defendant in error,

Insisted that the decree in the Court of Probates was valid; that the decisions of this court have gone no further; and the principle of them goes no further, than to declare that the Probate Court had no jurisdiction, to decide a controversy between an assignee and the executor and the distributees, involving the validity of a contract of assignment. This contract is not testamentary, nor incidental to any testamentary matter. But it by no means follows, that where the distributees are parties to the proceeding, and make no contest, and assent to the decree in favor of the assignee, that such decree vests no title in the assignee. In substance, the decree, under such circumstances, is made in favor of the legatee, and at his instance. The court may recognize the fact that an assignment has been made. This is a very different case from that in which the court is called upon to 'enforce an assignment, against a party resisting the assignment.

The decree is not void, and the error, if any, cannot be reached collaterally. The question could only arise on a proceeding to reverse or review the proceedings in the Probate Court. If the proceedings show that the legatees were cited or appeared, and submitted to the decree, they could never call it in question, and it would protect the executor in paying it, if it did so appear. The executor cannot on principle object to paying the assignee, when the legatee is shown by the record to have assented to the decree in his favor, and this must be presumed, as the record is not before this court. In order to make the objection available now, the court is bound to hold, that in no conceivable case, could the decree in the form it stands, be binding or valid for any purpose.

HANDY, J., delivered the opinion of the court.

This action was brought upon an executor's bond, in the name of

the judge of probate, for the use of Buckley, assignee of certain distributees of the testator, to recover the amount found due by the Court of Probates, from the executor to the assignee, in virtue of the assignment of the distributees to him, and decreed to be paid to him upon his application to the court for that purpose. The declaration sets forth the judgment of the Probate Court, ordering payment to him as assignee of the distributees, and founds his claim upon that judgment.

It is now insisted that the declaration shows no right of action at law, and that the defendants' demurrer to the replication to the sixth plea should be extended back to the declaration.

The ground of objection to the declaration is, that the plaintiff's claim, as stated in it, is founded on a judgment of the Probate Court, rendered in his behalf *as assignee* of certain of the distributees of the testator, by which the executor was ordered to pay to him as assignee, the amount claimed in the declaration. This judgment is alleged to be void, for want of jurisdiction in the Probate Court to render such judgment in behalf of the assignee, who was a stranger to the administration.

It is well settled by numerous decisions of this court, that the Probate Court had no jurisdiction to decree a payment by the executor to an assignee of the distributees. *Hill* v. *Hardy*, 34 Miss. 289; *Dixon* v. *Houston*, 35 Ib. 636; *Houston* v. *Williams*, 36 Ib. 187; *Read* v. *Brown*, Ib. 330. It is held in these cases, that the court had not jurisdiction to decide the question of assignment, and the question arose upon a controversy as to the assignments. But the principle upon which they proceed is, that the assignee is a mere stranger to the jurisdiction, and not within the power of the court. In decreeing a payment by the executor to an assignee of a distributee, the court necessarily takes jurisdiction of the question of the validity of the assignment; and that, it is expressly held, that the court is incompetent to do; because the assignee is in nowise connected with the administration of the estate. And upon the same principle, it is held in the case last cited, that the court can only recognize the right of the distributee, and decree payment to him.

When a party comes into the Probate Court, and claims a decree in his favor as an assignee of a distributee, he asks the court to do what under no conceivable state of case it has the power to do.

His very application shows that he is a stranger to the jurisdiction, and cannot be entitled to what he seeks. A decree in his favor must therefore necessarily be void, and incapable of being rendered valid as the foundation of a legal right, under any supposable circumstances.

The declaration in this case was, therefore, radically insufficient, and the judgment must be reversed, and a judgment rendered for the plaintiffs in error.