[Filed April 7, 1886.]

## F. B. HARRINGTON v. GEORGE C. LA ROCQUE AND JOHN T. APPERSON, GARNISHEE.

EXECUTORS AND ADMINISTRATORS—GARNISHMENT—CUSTODY OF THE LAW.— Money, credits, and other property in the hands of administrators and executors in their representation capacity, it seems, are in the custody of the law, and not subject to process of garnishment.

SAME—ORDER OF DISTRIBUTION.—When the distributive share of an heir has been ascertained and ordered to be paid by the court, it is no longer in the custody of the law, and thereafter may be garnished in the hands of the administrator or executor.

SAME—ASSIGNMENT BY HEIR—VOID DECREE—COLLATERAL ATTACK.—Where the heir has assigned his interest or distributive share, the assignee may notify the executor of his assignment, for the purpose of requiring payment of him, or intercepting payment to the heir after the order of distribution, but is not entitled to a decree that the distributive share of the heir be paid to him. Such a decree, if made, is so far void, and may be attacked collaterally.

MULTNOMAH COUNTY.    Plaintiff appeals.    Reversed.

*W. Scott Beebe* and *George W. Yocum*, for Appellants.

*W. Carey Johnson*, for Respondent Apperson.

*T. A. E. Starr*, for Respondent La Rocque.

LORD, J.    This was a proceeding in garnishment to reach certain moneys, alleged to be in the hands of the

defendant Apperson, as executor, belonging to the defendant La Rocque, under an order of distribution of the Probate Court. In substance, the facts are that on the eighth day of November, 1883, the plaintiff Harrington recovered a judgment against the defendant La Rocque for the sum of $2,443.48, and costs, taxed at fifteen dollars, which judgment, on the twenty-third day of November, 1883, he sold and assigned to the plaintiffs, Marx & Jorgenson. On the eighteenth day of April, 1875, an execution was issued upon said judgment, and the defendant Apperson garnished; and he certified that he had no moneys or property of the defendant La Rocque in his hands, or subject to his control. The certificate of the garnishee not being satisfactory, allegations and interrogatories were exhibited against him, and he was required to answer. The record discloses that the defendant Apperson is the executor of the estate of George La Rocque, deceased, and that under such will the defendant La Rocque is a devisee, and entitled to a distributive share of said estate; that prior to the garnishment proceedings herein, and to an order of distribution of the Probate Court, to which we shall presently refer, the defendant La Rocque had assigned to D. P. Thompson, in consideration of money advanced and future advances, the amount due him upon distribution of said estate; that on the sixth day of April, 1885, it was ascertained that the defendant La Rocque was entitled to $23,079.08 as his distributive share of said estate; and among other things, the Probate Court directed and ordered that the defendant Apperson, as such executor, distribute the said "sum of $23,079.08 to the defendant La Rocque, and to his assigns and order, in cash, that is to say, to David P. Thompson, his assigns, the whole thereof, to be appropriated as follows: *a.* To the satisfaction of the debt due said Thompson from said La Rocque, in the sum of

$11,494.51; *b.* To the lawful assigns of the said George La Rocque."

It will be observed that the defendant Apperson was served in the garnishment proceeding several days subsequently to the order of distribution. Money credits and other property are almost universally conceded to be in the custody of the law when held by executors and administrators in their representative capacity. In administering the estate, they are accountable to the court, and the same reason exists that moneys or credits in their hands should not be disturbed, but considered to be in the custody of the law, as is applied to such property in the hands of the sheriff or other officer.

Mr. Freeman says:

"Moneys and other chattels, in the possession of administrators, executors, or guardians, in their official capacity, are almost universally conceded to be in the custody of the law, and are therefore neither subject to levy under execution nor to any process of garnishment."

"No person deriving his authority from the law, and obliged to execute it according to the rules of law, can be holden by process of this kind.'

And again:

"When the share of a creditor, heir, legatee, etc., entitled to moneys in the hands of an administrator or guardian, has been settled by the court, and ordered to be paid, it is no longer regarded as in the custody of the law. The right to it has become fixed, absolute, and capable of enforcement by action at law. It may, therefore, be garnished." (Freeman on Executions, sec. 131, and notes; Drake on Attachment, sec. 499.)

In considering the same subject, Mr. Waples says:

"So soon as the funds held by the executor, etc., ceases to be in the custody of the law, and become recoverable as belonging to some person, legatee, heir, etc., the rule

ceases to be applicable.   There is sometimes a nice ques-
tion as to the time when an administrator's relation to
a fund, or to property, is so changed as to render him
amenable to garnishment; but it is certain that he is
liable when his custody ceases to be 'the custody of the
law,' in its technical signification."   (Waples on Attach-
ment, 224, and note 1 of authorities cited.)

And again:

"After an estate has been settled, and suit has been
brought by attachment against one whose share therein
has been ascertained, and garnishment of the executor
in his personal capacity has been made, the garnishee
will be held chargeable.   The administrator will not be
allowed to hold the fund in his hands in his official
capacity, under such circumstances, to shield the heir
from a payment of a just debt, to hinder the attaching
creditor from making his money.   The case is very dif-
ferent from that where the estate remains unsettled,
debts due by the succession unpaid, and legacies not
distributed.   In the latter case, the executor cannot be
compelled to pay, by process of garnishment sued out,
even by a judgment of an heir whose portion still re-
mains unseparated from the mass of the estate.   Until
there has been a settlement of the estate, at least, so far
as the judgment of distribution, the executor or admin-
istrator cannot be reached by garnishment.   It is not
till the executor is ready to pay over to the heir that he
is liable to garnishment in an attachment suit against
the heir."   (Id. 225, 226.)

It may be considered clear, then, when the distributive
share of an heir has been ascertained and ordered to be
paid by the court, it is no longer regarded as in the
custody of the law.   The right to it has become fixed,
and the executor ceases to hold it in his representative
but in his personal capacity.   After distribution has

been decreed, it may, therefore, be garnished in the hands of the executor; and if the heir has assigned his interest or distributive share, the assignee may notify the executor of his assignment for the purpose of requiring payment to him, or intercepting payment to the heir after the order of distribution has been decreed by the court. But the assignee of an heir is not entitled to have a decree that the distributive share of the assignor shall be paid to him. He is a stranger to the jurisdiction. For the court to assume jurisdiction in such matters would necessarily involve the validity of the assignment — matters not relating to the acts of the intestate, but to contracts of the heirs after his decease. And just here is where the chief contention arises, counsel for the plaintiffs claiming that the Probate Court has no authority to make an order for distribution to the assignee of a distributee's share, and that so much at least of the order of distribution as purports to do it is void; while counsel for the defendants claim that such order is not void, but if there was error, it cannot be reached collaterally. The court below acted upon the contention maintained in the last view. In this we think there was error which cannot be sustained, either upon principle or authority.

In *Portevant* v. *Neylaus*, 38 Miss. 106, a similar question was raised, but the court held the decree of the Probate Court in favor of an assignee of a distributive share void, Handy, J., saying:

"It is well settled by numerous decisions of this court that the Probate Court has no jurisdiction to decree a payment by the executor to an assignee of the distributees. (*Hill* v. *Hardy*, 34 Miss. 289; *Dixon* v. *Houston*, 35 Id. 636; *Houston* v. *Williams*, 36 Id. 187; *Read* v. *Brown*, Id. 330.) It is held in these cases that the court has no jurisdiction to decide the question of assignment, and the question

arose upon a controversy as to the assignments.    But
the principle upon which they proceed is that the assignee
is a mere stranger to the jurisdiction, and not within the
power of the court.   In decreeing a payment by the exec-
utor to an assignee of a distributee, the court necessarily
takes jurisdiction of the question of the validity of the
assignment; and that it is expressly held that the court
is incompetent to do, because the assignee is in no wise
connected with the administration of the estate.    And
upon the same principle, it is held, in the case last cited,
the court can only recognize the right of the distributee,
and decree payment to him."

In *Knowlton* **v.** *Johnson,* 46 Me. 489, Davis, J., said:

"To hold otherwise would give the judge of probate
common-law jurisdiction in matters between contesting
parties, not relating to the acts of the intestate, but to
contracts of the heirs after his decease.    He has no such
jurisdiction.    The decree must be made to the heir.    If
he has assigned his interest, the assignee may notify the
administrator of the assignment, or if the money is paid
to the heir, proceed against him at common law.    So it
has been recently held in New Hampshire in a similar
case."   (*Wood* v. *Stone,* 39 N. H. 572.)

In *Holcomb* v. *Sherwood,* 29 Conn. 419, it is held where
an heir at law, before the distribution of the estate, con-
veys away his interest, the power of the Probate Court
to order a distribution is not affected by it.    The court,
in making the distribution, should treat the estate, and
the right of the heirs to it, as if no conveyance had been
made.    It is said that the manifest intention of the order
of distribution is to pay the distributive share of the de-
fendant La Rocque to the assignee.    But the decree of
distribution directs the executor to distribute "the sum
of $23,709.08 to George La Rocque."

Treating as valid that portion of the order which directs

payment to the defendant La Rocque, and as void all that portion which is designed to divert the payment to the assignee, it is not questioned but what the assignee had a conveyance for the defendant La Rocque's distributive share, and that the defendant Apperson, as executor, was notified of it before and at the time of the order of distribution, and that the defendant La Rocque consented that the transfer of his distributive share should be made according to the effect of that obligation. Nor do we understand there is any contention or dispute as to this, only that it is claimed that the assignment to Thompson was intended as a security for the payment of about $14,000, which the defendant Apperson has paid over to him, and that the balance in the hands of the executor was subject to the process of garnishment. Whether the balance still in the hands of the executor at the time of the garnishment had been transferred to Thompson by force of the assignment, and was subject to his order, and as such was money in his hands due Thompson, or subject to his disposal, or what may be the facts in relation to it, are matters not within our province to decide upon this record.

The cause is remanded, and a new trial ordered.