The facts sufficiently appear in the opinion.
W. E. F. Deal, R. M. Clarke, and C. A. Jones,
for Appellant:
I. The jurisdiction of the district court in matters of probate is special and limited. The court has no power except such as is expressly conferred by the probate act. (Constitution of Nevada, art. VI, sec. 6;Lucich v. Medin, 3 Nev. 93, 99, 100; 10 Or. 301;Smith v. Westerfield, 88 Cal. 374, 378, 379;70 Cal. 350; 75 Cal. 512; Probate Laws Pr., sec. 1; 1 Am. Law of Administration, sec. 11, p. 11; sec. 142;Douglass v. Folsom, 21 Nev. 441, 447; In reHass, 97 Cal. 232; Buckley v. Superior Court,102 Cal. 6.)
II. "Unless a warrant for the exercise of jurisdiction in a particular case can be found in the statute, given either expressly or by implication, the whole proceeding is void." (Pelham v. Murray, 64 Tex. 477;Russell v. Lewis, 3 Or. 380; Snyder's Appeal, 36 Pa. St. 166; Briggs v. Cragg, 89 N. Y. 470, 489;Matter of Randall, 126 N. Y. 193; 152 N. Y. 519;Buckley v. Superior Court, 102 Cal. 6; In reHass, 97 Cal. 232.)
III. "Since the functions of probate courts are limited in *Page 199 
respect to executors and administrators to the control of the devolution of property upon the death of its owner, it is not their province to ajudicate upon collateral questions." The right or title of grantees, heirs, legatees, devisees or distributees to an estate must, if an adjudication become necessary, be tried in courts of general jurisdiction. Probate courts have no power to investigate the validity of an assignment of an interest of an heir or legatee; the decree in distribution should be to the successors of the property, leaving questions of distributive rights to be ajudicated in the ordinary courts. (1 Am. Law of Administration, sec. 151; 57 Cal. 447, 459;29 N. H. 572; In re Hass, 97 Cal. 232; Buckley v. SuperiorCourt, 102 Cal, 6; 41 N. H. 501; 34 Miss. 289, 291;38 Miss. 104; 46 Me. 489; 29 Conn. 418; 13 Or. 344; 88 Cal. 374;Chever et al. v. Ching Hong Poy et al, 82 Cal. 68,71, 72; 22 Pac. Rep. 1018; Pond et al. v. Pond etal., 13 Mass. 412, vide 417; Shure v.Fletcher, 69 N. W. R. 239; Buckley v. Imp. Co.,102 Cal. 6; 41 Am. State, 135, notes, p. 143; 22 Am. Stat. 154; In re Randall's Estate, 46 N. E. 945, 947, 948;Stillwell v. Carpenter, 59 N. H. 414; Hewett'sAppeal, 53 Conn. 24, 37; 1 Dem. 136; Perry v.Drury, 56 Iowa, 60.)
IV. The probate court, upon a petition for partial distribution, has no power to construe a written agreement, the interpretation of which is contested by the parties. It cannot annul the agreement for fraud. It cannot set it aside for mistake or want of consideration. It cannot reform it for any defect whatever. It has no power to enforce its decree in any of the respects before mentioned. For similar reasons it has no power to decree the specific performance of a contract, or hear evidence to determine what the parties intended where ambiguity exists. The court, sitting in probate, has no jurisdiction to distribute the estate, contrary to the provisions of the statute, under a contract, the meaning of which is disputed and controverted by the parties.
V. "By distribution is understood the division of an intestate's estate according to law." (Bouvier's Law Dictionary, 438.) "Distribution has been defined to be the division of an intestate's estate according to law." (Rodgers v. Gillet, 56 Iowa, 268; Anderson's Law Dictionary; Grattan v. Grattan, 18 Ill. 167; 65 Am.Dec. 726.) *Page 200 
VI. The community property is not "subject to distribution," and is not within the terms of the agreement of September 17, 1894. (Gen. Stats. 509; Ballinger on Community Property, 230, 231, 232; 56 Iowa, 267; 58 Miss. 692;Beard v. Lofton, 102 Ind. 408; Pacific Reporter, April 22, 1897.)
VII. Under Gen. Stats. 509, by its express and unambiguous words, all the community property "belongs" to thepetitioner, and respondents have no interest in it whatever, unless the agreement of September 17, 1894, takes petitioner's interest out of her, and vests such interest in the respondents. The one-half of the community property of which said M. D. Foley and said Minnie D. Foley were possessed at the time of M. D. Foley's death is no part of the estate of M. D. Foley, deceased, but belongs to Minnie D. Foley in her own right, and as tenant in common with said M. D. Foley, by virtue of the marriage relation, and because it was acquired by their joint effort. (Gen. Stats. 509; Ballinger on Community Property, 74, 222, 230, 231, 232.)
 ON PETITION FOR REHEARING.