## T. F. LOFTUS v. J. B. WILLIAMS.

Decided October 19, 1900.

**Garnishment—Money in Custodia Legis.**

Where, from the proceeds of defendant's property sold under an order of court a balance remains in the hands of the clerk after satisfying plaintiff's judgment, and which is to be paid over to the defendant, such money, being in custodia legis, is not subject to garnishment in another action against the defendant.

APPEAL from Harris. Tried below before Hon. JOHN G. TOD.

*Fisher, Sears & Sherwood,* for appellant.

*E. P. Hamblen* and *Walter H. Scott,* for appellee.

GARRETT, CHIEF JUSTICE.—On September 16, 1899, in a suit in the District Court of Harris County, the appellant, T. F. Loftus, recovered a judgment against one W. C. Archer for the sum of $714 and costs of suit, with foreclosure of a landlord's lien. Property of the defendant Archer had been seized by virtue of a distress warrant sued out against him by Loftus which, pending the suit, was sold by order of the court, and the proceeds, amounting to the sum of $1075, were paid into the registry of the court and into the hands of the appellee, J. B. Williams, as the clerk thereof. Archer was a nonresident, and was cited by publication. The judgment of the court directed the clerk to pay off the amount of the judgment and costs (aggregating $852.06), and to pay the balance "to said Archer, or to those who might have a legal right to same." Said judgment was final, and there has been no appeal therefrom. After satisfying the judgment and costs there remained in the hands of the clerk the sum of $222.94, to be paid over to Archer.

Afterwards, on October 18, 1899, said Loftus, the appellant herein, brought another suit in the District Court of Harris County against said W. C. Archer for debt, and contemporaneously sued out a writ of garnishment against Williams, the clerk of the court and the appellee herein. On March 4, 1900, Loftus recovered a judgment in said suit against Archer for the sum of $1746.07, besides costs. The garnishment proceeding having come on for trial, the court below held that the surplus $222.94 remaining over in the hands of the clerk after the satisfaction of the first judgment was in custodia legis and not subject to garnishment, and rendered judgment against the plaintiff, discharging the garnishee and adjudging the costs against the plaintiff, including a fee of $25 allowed the garnishee for his answer.

The weight of authority in this country seems to support the contention of the appellant that the surplus remaining in the hands of the clerk to be paid over to Archer is subject to garnishment. Waples on Att. and Garn., 221, 598; 1 Freem. on Ex., sec. 130; and the authorities cited by these authors in support of the text. But our Supreme Court

has held in at least two cases that money in the hands of the clerk of a court for payment to a debtor is in custodia legis and can not be garnished. Pace v. Smith, 57 Texas, 555; Curtis v. Ford, 78 Texas, 262. The only Texas case apparently in point cited by the appellant is Leroux v. Baldus, 13 Southwestern Reporter, 1019. That was a consent case tried by the Commissioners of Appeals, and is not authority. An examination of the case will show that it was a suit against the clerk and the sureties upon his bond for failure to pay a judgment rendered in a garnishment suit against the clerk. The commissioners took up and decided the original question, although it had become res adjudicata by the judgment. In accordance with the decisions of the Supreme Court above cited, we affirm the judgment of the court below.

*Affirmed.*