TURNER v. GIBSON, Sheriff.

(Court of Civil Appeals of Texas. Galveston. March 13, 1911. Rehearing Denied Jan. 9, 1913.)

1. GARNISHMENT (§ 60*)—MONEY SUBJECT—SURPLUS ON EXECUTION.

Under the statute directing the surplus of the proceeds of a sale under execution remaining in the sheriff's hands after satisfaction of judgment to be immediately paid over to the execution defendant, the officer ceases to hold the remainder of the proceeds in his official capacity, and becomes a debtor to the execution defendant as to the surplus, so that such surplus is subject to garnishment by a creditor of the execution defendant.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 115, 116; Dec. Dig. § 60.*]

2. EXECUTION (§ 55*)—SECOND EXECUTION.

An officer having a surplus in his hands after a sale of property under execution and satisfaction of the judgment may subject it to a second execution against defendant.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 137–140; Dec. Dig. § 55.*]

Appeal from Harris County Court; A. E. Amerman, Judge.

Garnishment proceeding by B. L. Turner against N. M. Gibson, Sheriff, in which another intervened. From a judgment for garnishee, plaintiff appeals. Reversed and rendered.

See, also, 151 S. W. 793.

Jacob C. Baldwin and Charles H. Taylor, both of Houston, for appellant. Woods & Graham, of Houston, for appellee.

PLEASANTS, C. J. This appeal is from a judgment in a garnishment proceeding brought by appellant, Turner, against the appellee, Gibson, sheriff of Brazoria county.

The cause was tried in the court below, and is appealed to this court, upon the following agreed statement: "Three judgments were duly and legally rendered against the Chenango Oil Company, one in behalf of H. A. Halverton in the amount of $135 and costs. Execution upon this was duly and legally placed in the hands of N. M. Gibson, sheriff Brazoria county, and levy made by said sheriff upon iron pipe of the defendant company, legally advertised and sold on the 26th day of October, 1909. B. L. Turner, plaintiff in this action, was the purchaser at said execution sale, and paid for said pipe the sum of $500 in cash. After satisfying the Halverton execution, there remained in the possession of Sheriff Gibson the sum of $321.65. B. L. Turner, who was a creditor of the Chenango Oil Company and knew of the executions of Bennett, Mallory, and Sul-

livan and the levy made thereunder by the constable, sued out a writ of garnishment on the 27th day of October, 1909, and duly served Sheriff Gibson with process of garnishment as to the overplus in his hands after satisfaction of the Halverton judgment. Judgment was duly and legally secured against the company by said Turner in the amount of $308.22. C. D. Bennett, E. H. Mallory, and Jim Sullivan obtained judgments against the Chenango Oil Company in the amount of $300.75. Executions thereon were levied by a constable of Brazoria county upon the pipe and some other property. Sale under this levy was advertised to take place on the 29th day of October, 1909. The pipe having been sold on October 26th, the constable sold remaining property he had seized for about $20, and returned the writ, stating that Sheriff Gibson, on his Halverton execution, had sold the pipe. These executions were still valid in law, and were thereafter sent to Sheriff Gibson and received by him on the 4th day of November, 1909. Defendant in this cause filed his answer admitting the possession of the funds, the service of the garnishment process upon him on October 28, 1909, and the receipt of the executions on behalf of Bennett, Mallory, and Sullivan on November 4, 1909. Bennett, Mallory, and Sullivan intervened in the case, asking that the funds in the sheriff's hands be applied towards the satisfaction of their executions."

Upon the facts shown in this statement, the trial judge held that the money remaining in the hands of the sheriff after the satisfaction of the judgment in favor of Halverton was in custodia legis, and therefore not subject to garnishment. In accordance with this holding, judgment was rendered that plaintiff and the interveners take nothing by their suit against the garnishee, and that the garnishee recover of plaintiff all costs of the proceeding. It was further ordered that the defendant, "N. M. Gibson, sheriff, make such disposition of the funds in his hands as the law directs, just as though no writ of garnishment had ever issued."

[1] Under appropriate assignments of error, appellant assails the holding of the trial court that the money in the hands of the sheriff was not subject to garnishment, because it should be regarded as in custodia legis. The rule applicable to the facts of this case is thus stated in Drake on Attachments, p. 508: "But though a sheriff holding money received in payment of an execution, and which ought to be paid to the execution creditor, cannot in respect thereof be garnished, yet there are other circumstances in which his official character affords him no protection from garnishment. In all the cases considered the money was in the sheriff's hands virtute officii, and therefore in the custody of the law. But where money in his hands has ceased to be in such a position as

to claim the protection of the law, he will be subject to garnishment, as any other person would be. Therefore, where a sheriff, holding an execution, sells property, and after satisfying the execution there is a surplus in his hands, it is considered to belong to the defendant, and to be held by the sheriff in a private, and not in his official, capacity, and may therefore be reached by the defendant's creditors, either by direct attachment or by garnishment. The same rule extends to a receiptor, in whose hands the officer has placed attached property. If there is more than sufficient to satisfy the attachment, the receiptor may be charged as garnishee of the defendant in respect of the surplus."

The exact question presented by this record does not seem to have been decided by the Supreme Court of this state. In Cook v. Gatewood, 43 Tex. 185, the judgment of the lower court, holding a surplus in the hands of a sheriff, after satisfying an order of sale of mortgaged property, subject to garnishment at the suit of a creditor of the judgment debtor, was affirmed; but the point does not appear to have been made that the fund was in custodia legis, and therefore not subject to garnishment, and for this reason the authority of the case on the question is impaired.

In Pace v. Smith, 57 Tex. 555, the proceeds of the sale of attached property, which, under article 174 of the Revised Statutes, was placed by the officer making the sale in the hands of the clerk of the court to be disposed of under the direction of the court, was upon the trial ordered by the court to be turned over to the defendant in the suit; the writ of attachment having been quashed. This money was held to be in custodia legis, and not subject to garnishment by a creditor of the defendant.

We think this case and the subsequent case of Loftus v. Williams, decided by this court (24 Tex. Civ. App. 393, 59 S. W. 291), which holds that money in the registry of the court, which the clerk was directed to pay over to one of the parties to the litigation, was not subject to garnishment by a creditor of such party, are distinguishable from the instant case. In the present case the money in the hands of the sheriff was not held by him subject to the order of any court, and there was no order of any court directing its payment.

[2] Under the statute the surplus of the proceeds of a sale of property under execution remaining in the hands of the sheriff after the satisfaction of the judgment is directed to be immediately paid over by the officer to the defendant in execution. When the judgment is satisfied, the right of the officer to hold the remainder of the proceeds of the sale in his official capacity ceases, and he becomes the debtor of the defendant in execution for the amount of such surplus. The officer is not required to make any report of

his disposition of this surplus, nor obtain any order of court therefor. The law authorizes an officer having such surplus in his hands to subject it to a second execution against the defendant. Hamilton v. Ward, 4 Tex. 356; Walton v. Compton, 28 Tex. 569. Such funds in the hands of a sheriff being subject to execution, we think it follows that it is subject to. garnishment.

We think the trial court erred in holding that the money in the hands of the appellee could not be reached by a writ of garnishment; and that upon the agreed statement of facts appellant was entitled to have this money applied to the payment of his judgment. Such being our conclusion, the judgment of the court below is reversed and judgment here rendered in favor of appellant.

Reversed and rendered.