[No. 4044.]

## GEORGE C. PERKINS v. G. W. GRIDLEY.

Sales by Executors.—If a will gives the executors a naked power, not coupled with an interest, to sell the estate without any special directions, the sale must be reported to and confirmed by the Probate Court, and if not made at public auction, the judge must make an order fixing a day for hearing the report, and the clerk must give notice thereof as required by Section 1552 of the Code of Civil Procedure.

Idem.—In the absence of such order, and notice by the clerk, the Probate Court has no power to confirm the sale, and if it make an order of confirmation, may, on its own motion, set it aside.

Idem.—If the Probate Court finds that the sum for which the property was sold by executors under such power in a will was disproportionate to its value, and that a sum at least ten per cent. greater, exclusive of the expenses of a resale, can be obtained, it may vacate the sale and direct another to be had.

Appeal from the Probate Court, County of Butte.

The will of Robert Durham, deceased, was filed in said court on the 2d day of November, 1871, and probated on the 27th day of February, 1872. The will contained the following clause:

"It is my will, and I hereby direct, that all my personal property of every nature and kind (except money, bonds, notes and choses in action), including grain, cattle, hogs, horses, etc., and all my real estate not herein otherwise disposed of, be sold by my executors, hereinafter named, or their successors, on such terms, cash or credit, or partly for cash and partly on credit, as my executors may deem best; and that my bonds, notes and choses in action be collected and converted into money by my executors as soon as may be after my decease."

Wm. W. Durham and Charles F. Lott were nominated executors. The executors, in March, 1873, advertised that they would sell the real estate of the testator on the 23d of April, 1873, at private sale, and invited bids. George Perkins put in a bid, and the executors, on the day the bids were opened, awarded him the land. On the first day of May, 1873, the executors made a report of the sale to the Probate Court, and filed it with the clerk. No notice was

given of the filing of the same, nor was a day appointed by the court for hearing it, but on the 5th day of May, which was the first day of the May term, the court made an order confirming the sale.   On the 9th day of May, Gridley filed with the clerk an offer to pay ten per cent. more than the accepted bid of Perkins, exclusive of the expense of a new sale, and, on the 19th of May following, gave notice of a motion to set aside the order confirming the sale to Perkins. On the hearing of this motion the court, on the 11th of June, made an order vacating the order confirming the sale. On the 7th of July, the court made an order appointing the 21st of July for hearing the executors' report of sale, and directing notice thereof to be given by the clerk.   On the hearing, the court made an order declining to accept the bid of Gridley, and vacating the sale made to Perkins, and directing a resale.   Perkins appealed from the order vacating the order of confirmation, and from the order vacating the sale made by the executors to him.   Perkins's bid was $44,300, and he paid the executors one-third of the purchase-money on the 19th of May, and received a deed from them, and gave them a mortgage back.   Gridley had no interest in the estate except his proposition to purchase.

*P. O. Hundley and Creed Haymond,* for the Appellant.

A person not interested in an estate cannot object to the confirmation of a sale.   (Code of Civil Proc., Sec. 1553.)

The power to sell contained in the will is complete without any action of the Probate Court.   (Code of Civil Proc., Sec. 1561; *Newton* v. *Bronson,* 13 N. Y. 592; *Conklin* v. *Egerton's Administrator,* 21 Wend. 430; *Payne* v. *Payne,* 18 Cal. 303.)

The action of the executors is not subject to the control of the Probate Court.   (*Bunner* v. *Storm,* 1 Sand. Ch. 359; *Champlain* v. *Champlain,* 3 Ed. Ch. 608 ; *Norris* v. *Norris,* 15 Cal. 256.)

*Chas. E. Filkins and W. C. Belcher,* for the Respondent.

All sales of real estate made by executors or administrators must be reported to the Probate Court under oath, and

confirmed by the court.   (Code of Civil Proc., Secs. 1517, 1552.)   The will does not give the executors power to sell without an order of sale, or confirmation, and therefore a confirmation was necessary.   In the cases cited by appellant's counsel the wills were not like the one in this case.

By the Court, McKINSTRY, J.:

In *Delaney's Estate* (49 Cal. 76), the distinction is shown between a mere power in a will authorizing a sale by executors, and the devise of a legal estate in trust to carry out provisions of the will; and in *Tracy* v. *Tompkins* (decided from the Bench at the present term), the same distinction was recognized as continuing after the adoption of the Codes.   In the one case, the freehold remains in the heirs until a sale; in the other, it vests in the executors on the demise of the decedent.   To the former class of cases the provision of Section 178 of the Probate Act of 1851—that no sale should be valid unless confirmed by the Probate Court—was applicable; to the same class are applicable Sections 1517 and 1561 of the Code of Civil Procedure.   The account of sales spoken of in Section 1561 is the same as the "return" mentioned in Section 1552 of the Code; and the statute evidently contemplates that the same proceedings shall be had with respect to the return, when the sale is made under a power in a will, as when it is made under an order of court.   When, therefore, the will creates a naked power—a power not coupled with an interest—the executors must give notice of the sale, return accounts thereof, and, unless there are special directions in the will, must conduct the sale in all respects as if made under an order of court. (Code of Civ. Proc. 1561.)   The sale must be reported under oath, and confirmed by the Probate Court, before the title to the property sold can pass.   (Id. 1517.)   The necessity of confirmation implies the hearing and examination provided for in Section 1552 of the Code of Civil Procedure.   That section requires, where the property is not sold at public auction—as was the fact in the present instance—that certain notices be given of the hearing of the return of sale, that the day of such hearing be fixed by

order, etc. In the case at bar it is stipulated that no day was fixed by order of the Probate Court or Judge, and that "no notice of the hearing of the report or of the filing thereof, was given by posting or publication;" and it does not appear in the record that the persons interested in the estate were actually present at the hearing in person, or by attorney. In the absence of proper notification, the Probate Court had no power to confirm the sale, and the order purporting to confirm it was properly set aside. It is not of importance to inquire whether Gridley had such an interest in the estate as authorized him to move to set aside the order of confirmation, since the Probate Court could annul it whenever the attention of the judge was called to the circumstance, that it had been made without acquisition of jurisdiction over the persons of all interested.

Subsequently to the order setting aside the attempted confirmation, the Probate Judge made the proper order (under Section 1552 of the Code of Civil Procedure), appointing a time for a hearing, on the report of sale, and ordering notice to be given as required by law; which notice was duly given. On the day to which the hearing was adjourned from the day fixed by the judge, and in the notice, the Probate Court, after evidence, found, in effect, that the sum bid at the sale was disproportionate to the value of the property; and, it appearing that a sum exceeding such bid at least ten per cent., exclusive of the expenses of a new sale, could be obtained, vacated the former sale and directed another to be had. This the Probate Court had the power to do, under the section of the Code last referred to, and we see nothing in the transcript to induce us to believe that the power was not wisely exercised.

Orders affirmed.