Filed Jan. 16, 1891.

---

### No. 14,656.

### STOKES *v.* GOODYKOONTZ, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Excessive Payment by Administrator.*—*Right to Recover Excess from Heirs.*—*Surviving Partner.*—Where the administrator of a deceased member of a firm, relying upon the statements contained in the reports and inventory of the surviving partner, paid to one of the heirs and distributees of the estate represented by him, a sum in excess of the amount she was entitled to receive, by reason of depreciation in the value of the estate of the deceased partner, the administrator is entitled to recover such excess whether the money was paid to the appellant upon her request, or was voluntarily paid to her without any request; the money having been paid under a mistake of fact, and not under a mistake of law, and the facts which induced the administrator to make the payment having been presented to him in a lawful manner, and he having a right to rely upon them.

From the Hamilton Circuit Court.

*J. A. Swoveland* and *L. C. Burke,* for appellant.

*G. Shirts* and *M. Vestal,* for appellee.

ELLIOTT, J.—The material facts pleaded in the complaint of the appellee are these : The appellee is the administrator

of the estate of Daniel Whetstone, deceased, and the appel- lant is a daughter of the intestate. The decedent was at the time of his death a member of a partnership, of which Asher G. Walton was the surviving member, and as such surviving partner, Walton, having qualified according to law, took charge of the business of the partnership. He prepared and filed the inventory required by the statute, and from that inventory it appeared that a sum exceeding twenty-five thousand dollars would fall to the estate of the deceased partner upon final settlement. The property of the firm, however, so greatly depreciated in value that instead of the estate of the deceased partner being entitled to the sum named, it was entitled to no more than thirteen thousand dollars, and no more was received by the administrator. Relying upon the statements contained in the reports and inventory of the surviving partner, the appellee paid to the appellant, as one of the heirs and distributees of the estate represented by him, the sum of one hundred and eighty-five dollars in excess of the sum she was entitled to receive.

The facts stated in the complaint constitute a cause of action. The money paid by the administrator was paid under a mistake of fact, and not under a mistake of law. The facts which induced the administrator to pay the money to the appellant were presented to him in a lawful mode, and he had a right to rely upon them. The facts thus presented to him induced him to make the payment, and he was not influenced by any mistaken opinion of the law. The only case cited by the appellant which bears a resemblance to the present is that of *Egbert* v. *Rush*, 7 Ind. 706, but in that case there was no mistake of fact. That this is so is evident from the statement of the court made in speaking of the payment. " It must be taken," said the court, " as made, too, with a full knowledge of all the facts." The decision in *Smith* v. *Smith*, 76 Ind. 236, is in point, and directly against the appellant upon the general principle involved in this controversy. Other cases fully support the conclusion which we

assert.  *Wolf* v. *Beard,* 123 Ill. 585 ;  *Rogers* v. *Weaver,* 5 Ohio, 536 ;  *Walker* v. *Hill,* 17 Mass. 380 ;  *Wheadon* v. *Olds,* 20 Wend. 174.

Whether the money was paid to the appellant upon her request, or was voluntarily paid to her without any request, is wholly immaterial, for if she accepted it without objection she must repay it to the estate to which it belongs. The material question is as to the right to the money, not as to the formal matter of request or no request.

Judgment affirmed.

Filed Jan. 16, 1891.