Decided 21 January, 1908.

## THORSEN *v.* HOOPER.

93 Pac. 361.

CLAIMS NOT SUBJECT TO GARNISHMENT—INDEBTEDNESS OF ESTATE.

1. A debt due from decedent's estate is not subject to garnishment until the share of the creditor, heir, or legatee, has been ascertained and ordered paid by the court, prior to which the money or funds of the estate are in *custodia legis*, and not subject to levy.

PAYMENT—VOLUNTARY PAYMENT—RECOVERY.

2. One who voluntarily pays money in satisfaction of an asserted demand, with full knowledge of all the facts, cannot recover it, when the transaction is unaffected by any fraud, trust, confidence, or the like, because at the time of the payment he was ignorant of his legal rights.

SAME—MISTAKE OF FACT.

3. Payment of an illegal demand made under a mistake of fact may be recovered in an action for money had and received.

PAYMENT MADE ON MISTAKE OF FACT, IS RECOVERABLE.

4. An administrator having been garnished in a suit in which the attorney for the estate represented the creditor, judgment was recovered in favor of the creditor, on which an execution was placed in the hands of the sheriff for service, who notified the administrator that he had an order from the circuit court directing him to pay out of the funds of the estate the amount of the judgment and costs. The administrator thereupon advised with the attorney of the estate without knowledge that he was also representing the creditor in the garnishment proceedings, and was advised that the proceedings were regular, and that he was compelled to pay the money to the sheriff as demanded, which he thereupon did. *Held*, that the circuit court never having made an order in the garnishment proceedings requiring the administrator to pay the amount of the judgment out of the funds of the estate, the payment was made on mistake of fact, and was recoverable.

50 OR.——32

From Union: THOMAS H. CRAWFORD, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is an action for money had and received, and comes here on appeal from a judgment on the pleadings in favor of defendants. The facts are set out in detail in the pleadings of the respective parties. Briefly, they are that plaintiffs are the administrators of the estate of H. L. Buell, deceased, and N. C. McLeod was their attorney and legal adviser. At the time of his death Buell was indebted to H. C. Brown on a promissory note for $1,000, with John Graham as surety. After the appointment of plaintiffs Brown presented to them a duly verified claim against the estate of their decedent for the amount due on such note. After such presentation the defendants, Hooper & Hudson, through McLeod, as their attorney, commenced an action at law in the circuit court of Union County, against Oscar Eaden and H. C. Brown, partners doing business under the firm name of Eaden & Brown, to recover the sum of $342.35, and caused a writ of attachment to issue in such action. A copy of the writ, together with a notice of garnishment, was served on J. B. Thorsen, one of the plaintiffs, and in answer thereto he stated that "there is a balance due H. C. Brown of $500, on principal and accrued interest." The defendants afterwards recovered judgment in their action against Eaden & Brown, and an order of the circuit court reciting the attachment of the claim of Brown against the Buell estate, and directing that the attached property be sold as on execution to pay the judgment, costs, and disbursements, and that the "claim in said hands of said administrators may be collected if the proceeds thereof can be so collected by the sheriff under his execution or order of sale herein." A few days later an execution was issued on this judgment, and placed in the hands of the sheriff for service, who notified plaintiff Thorsen, by telephone, that he had an order from the circuit court directing him to pay out of the funds of the Buell estate the amount of the judgment and costs of Hooper & Hudson against Eaden & Brown. Thorsen thereupon advised with McLeod, his attorney,

without knowledge that McLeod was also attorney for defendants, and McLeod told him that the attachment proceedings were regular, and that he was compelled to pay the money over to the sheriff as demanded. Thorsen, acting upon the statement of the sheriff as to the nature of the order of the circuit court and the advice of McLeod, paid the money over to the sheriff, and it was afterwards paid by that officer to the defendants. At the time of the service of the garnishment process upon Thorsen no order of the county court had been made for a distribution of the funds of the Buell estate or directing the administrators to pay the claim of Brown, and the promissory note, upon which such claim was based, did not belong to Brown, but had previously been assigned by him to Jennie P. Brown, who subsequently sued and recovered the amount thereon from Graham, the surety.    REVERSED.

For appellant there was a brief and an oral argument by *Mr. James D. Slater*.

For respondent there was a brief and an oral argument by *Mr. Charles H Finn*.

MR. CHIEF JUSTICE BEAN delivered the opinion.

1. The debt due from the Buell estate on the claim presented by Brown was not subject to attachment by Brown's creditor at the time the writ of garnishment was served upon Thorsen, one of the administrators. No order of the county court had been made settling the claim or directing its payment, and until the share of a creditor, heir, or legatee of an estate has been ascertained and ordered paid by the court, the money or funds of the estate are in the custody of the law, and not subject to levy under execution or process of garnishment.

2. The defendants contend that the payment of the money to the sheriff by Thorsen was voluntarily made, and therefore cannot be recovered by him and his co-administrators. It is well settled that one who voluntarily pays money in satisfaction of an asserted demand, with full knowledge of all the facts, cannot recover it when the transaction is unaffected by any

fraud, trust, confidence, or the like, because at the time of the payment he was ignorant of his rights under the law: *Shriver* v. *Garrison,* 30 W. Va. 456 (4 S. E. 660) ; *Brumagin* v. *Tillinghast,* 18 Cal. 265 (79 Am. Dec. 176) ; *Evans* v. *Hughes County,* 3 S. D. 244 (52 N. W. 1062) ; *Commercial Bank of Rochester* v. *City of Rochester,* 42 Barb. 488 ; *Erkens* v. *Nicolin,* 39 Minn. 461 (40 N. W. 567).

3. But it is equally as well settled that when the payment of an illegal demand is made under a mistake of fact it may be recovered in an action for money had and received: *Stokes* v. *Goodykoontz,* 126 Ind. 535 (26 N. E. 391) ; *Wolf* v. *Beaird.* 123 Ill. 585 (15 N. E. 161: 5 Am. St. Rep. 565) ; *Walker* v. *Hill,* 17 Mass. 380; *Rogers* v. *Weaver,* 5 Ohio, 536. These questions are ably and exhaustively considered by Mr. Justice WOLVERTON, in his opinion in *Scott* v. *Ford,* 45 Or. 531 (78 Pac. 742: 80 Pac. 899), and it is unnecessary to add to the discussion at this time.

4. Now it appears from the facts, as alleged in the pleadings in the case at bar, that the payment by Thorsen to the sheriff, was made under a mistake of fact as to the nature of the order of the circuit court and upon the advice of the attorney for the defendants, who he supposed at the time was acting for the estate. Thorsen was notified by the sheriff that the circuit court had made an order in the attachment proceedings requiring him to pay the amount of the judgment, recovered by Hooper & Hudson against Eaden & Brown, out of the funds of the estate, and that such order was in the hands of the officer for execution, when in fact, no such order had been made. Relying upon this statement, and the erroneous advice of the attorney for the defendants, he paid the amount of the judgment out of the trust funds in his hands, and the money was subsequently paid to the defendants. If these facts are true, and for the purposes of this case it must be so assumed, we think that in equity and good conscience plaintiff should be permitted to recover it.

Judgment of the court below will therefore be reversed, and

the cause remanded, with directions to overrule the motion of defendants for judgment on the pleadings, and for such further proceedings as may be proper, not inconsistent with this opinion.                                      REVERSED.

---

Decided 21 January, 1908.