Argued May 5, decided June 28; rehearing denied August 9, 1910.

## THORSEN v. HOOPER.

[109 Pac. 388: 50 Or. 497 (93 Pac. 361.)]

EXECUTORS AND ADMINISTRATORS—PROPERTY OF DECEASED—POSSESSION AND CONTROL.

1. Section 1147, B. & C. Comp., provides that an executor or administrator is entitled to the possession and control of property of deceased until the administration is completed or it is surrendered to the heirs and devisees by order of the court or judge thereof, that during the time it is in the possession of the executor or administrator, it is his duty to keep it in repair or from loss or decay as far as possible. *Held*, that the legal title to money received by an administrator in the course of administration is vested in him to enable him to pay the expenses of the administration, to liquidate claims against the estate, and to deliver the remainder, if any, together with other assets, to the heirs.

WILLS—DEVISE OF REALTY TO EXECUTOR—TRUST.

2. A devise to an executor, coupled with a power to sell real property for a specified purpose without an order of court, creates a trust.

Trusts — Following Trust Property — Application of Rule to Administrator.

3. An administrator, while not a trustee in a strict sense, in the administration of an intestate's estate, exercises a statutory power pursuant to orders of the probate court, and occupies a fiduciary relation as a *quasi* trustee, so that, if he misapplies assets, the creditors and heirs are not bound to sue on his undertaking, but may pursue the fund if they can trace and identify it.

Executors and Administrators—Payment of Claims—Overpayment.

4. At common law a creditor who had received more than a *pro rata* share of intestate's estate cannot be compelled to refund any part of it, but now, whenever such creditor obtains from a personal representative of decedent's estate under a mistake of fact, a sum of money on account of his demand, which in equity and in good conscience he ought not to retain, it may be recovered in an action for that purpose.

Executors and Administrators—Payment of Claims—Mistake of Fact at Law.

5. An administrator having been garnished in a suit in which the attorney for the estate represented the creditor, judgment was recovered in favor of the creditor, on which an execution was issued and placed in the hands of a sheriff for service, who notified the administrator that he had an order from the county court directing payment out of the funds of the estate. The administrator thereupon consulted the attorney for the estate without knowledge that he also represented the creditor and was advised to pay the money, which he did. No such order had been in fact issued by the county court, and the attempt by garnishment, in the absence of a statute authorizing it to hold the administrator and subject the assets in his hands to the debt, was invalid. *Held*, that the administrator under such circumstances paid the money under a mistake of fact, and was entitled to recover it; but if the attorney acted in good faith when he advised the administrator that such an order, if issued, was valid and should be complied with, the money was then paid under a mistake of law, and was not recoverable.

From Union: John W. Knowles, Judge.

Statement by Mr. Chief Justice Moore.

This is an action by J. B. Thorsen and J. H. Buell, as administrators, and Mabel Parks, as administratrix, of the estate of H. L. Buell, deceased, against J. A. Hooper and Joseph Hudson to recover money alleged to have been had and received for the plaintiffs' use.

The answer denies the averments of the complaint and states the facts as they occurred, which allegations of new matter are put in issue by the reply. A former judgment herein was reversed, and the cause remanded for further proceedings: *Thorsen* v. *Hooper*, 50 Or. 497 (93 Pac.

361.)   A trial was had without the intervention of a jury, and, from the testimony received, the court made findings of fact, and, as conclusions of law based thereon, determined that the money demanded was paid under a mistake of law, and not subject to recovery.  Upon motion of plaintiffs' counsel, however, the court, without taking any further testimony, made additional findings, and concluded that the money in question constituted "trust funds" which were paid out under mistake of fact and should be recovered by the plaintiffs, and the defendants appeal from the resulting judgment.        REVERSED.

For appellants there was a brief and an oral argument by *Mr. Charles H. Finn.*

For respondents there was a brief and an oral argument by *Mr. James D. Slater.*

Opinion by MR. CHIEF JUSTICE MOORE.

A statement of the incidents involved is deemed essential:   H. L. Buell, as principal, and John Graham, as surety, executed to H. C. Brown a negotiable promissory note for $1,000.   Thereafter Buell died intestate, and the plaintiffs were appointed and duly qualified as the representatives of his estate.   Brown filed with them a verified claim for the remainder due on the note, which demand was approved.   The defendants herein as partners commenced an action in the circuit court for Union County against Oscar Eden and H. C. Brown, as partners, to recover money, and, having sued out a writ of attachment, a copy thereof and notice of garnishment were served on Thorson, who, as administrator, responded in writing in part as follows:   "I will say that there is a balance due H. C. Brown of $500 principal and accrued interest," but no reference was made to any promissory note.   Prior to the service of the notice Brown had assigned the negotiable instrument and the verified claim based thereon to Jennie P. Brown.   A judgment was rendered in that

action in favor of Hooper and Hudson, and it was ordered that the money purporting to be due from the decedent's estate to Brown be collected if sufficient thereof could be obtained to satisfy the demand. An execution was thereupon issued, and Thorson delivered to the sheriff a check for $384.22, signed in his representative capacity, which sum equaled the command of the writ, but the payment was made without any order of the county court authorizing it. When the defendants commenced their action, the complaint was signed, and the other papers were prepared by an attorney who was also employed in the settlement of the decedent's estate. Hooper and Hudson knew when the notice of garnishment was served, and when the check was issued that a demand was made against the Buell estate, and that the money was received from the assets thereof. Prior to the commencement of this action the plaintiffs demanded of the defendants the repayment of the money.

1. As the judgment complained of on this appeal seems to have been predicated on the doctrine of "trust funds," the important inquiry to be determined is whether or not the money in question comes within the designated phrase, so that, when the defendants secured possession of the check with knowledge of the source from which it was derived, the sum specified can be recovered. The legal title to such money was vested in the plaintiffs to enable them to pay the expenses of the administration, to liquidate claims against the estate, and to deliver the remainder, if any, together with other assets, to the heirs. Section 1147, B. & C. Comp.

2. A gift by will to an executor with which to pay debts and legacies entitled him under the early English law to the remainder of the estate, after discharging the obligations thus imposed. To prevent an executor from perfecting a title to personal property which the testator probably forgot specifically to describe in his last testament,

courts of equity raised a resulting trust in favor of the next of kin: *Wager* v. *Wager*, 89 N. Y. 161. From this circumstance has been deduced the legal principle, recognized by statute in most states of the Union, that an executor is a *prima facie* trustee for the next of kin. Perry, Trusts (5 ed.) § 94. The executor, however, is not necessarily a trustee of the testator's estate. Beach, Trusts and Trustees, § 365. A devise to an executor, coupled with a power to sell real property for any specified purpose without an order of court, creates a trust: *Brown* v. *Brown*, 7 Or. 285.

3. The right which the law confers upon an administrator to take and hold the possession of the goods and chattels of a decedent's estate is in the nature of a trust. Schouler's Ex. and Admrs., § 242; 11 Cur. Law, 1307; *Casto* v. *Murray*, 47 Or. 57 (81 Pac. 388, 883) ; *In re Roach's Estate,* 50 Or. 179 (92 Pac. 118.) He stands to all persons interested in the intestate's estate in the relation of a trustee, and is authorized to enforce all the rights, and is subject to all the remedies incident to an ordinary trustee: *Main* v. *Brown*, 72 Tex. 505 (10 S. W. 571: 13 Am. St. Rep. 823) ; *Holden* v. *Piper*, 5 Colo. App. 71 (37 Pac. 34.) He is not a trustee in the strict sense of the term, but, in the administration upon an intestate's estate, he exercises a statutory power pursuant to the orders of a probate court. He occupies such a fiduciary relation as a *quasi* trustee that, if he misapplies the assets intrusted by law to his possession, the creditors and heirs of the decedent have a choice of remedies for their injury; may bring an action on his undertaking for a breach of its conditions, or they may pursue the fund, if they can trace and identify it: *Pierce* v. *Holzer*, 65 Mich. 263 (32 N. W. 431.)

4. At common law, a creditor who had received more than a *pro rata* share of an intestate's estate could not be compelled to refund any part of it. *Lawson's Admrs.* v.

*Hansborough,* 10 B. Mon. (Ky.) 147; Walker *v.* Hill, 17 Mass. 380.   This ancient rule has been held applicable, in some instances in this country:  *Adams* v. *Smith,* 19 Nev. 259 (9 Pac. 337: 10 Pac. 353) ; *Findlay* v. *Trigg's Adm'r.,* 83 Va. 539 (3 S. E. 142.)   Reason and the weight of authority support the principle that whenever such a creditor obtains from a personal representative of a decedent's estate, under a mistake of fact, a sum of money on account of his demand, which, *ex aequo et bono,* he ought not to retain, it may be secured in an action instituted for that purpose:  *Heard's Admr.* v. *Drake,* 4 Gray (Mass.) 514; *Mansfield* v. *Lynch,* 59 Conn. 320 (22 Atl. 313: 12 L. R. A. 285) ; *Wolf* v. *Beaird,* 123 Ill. 585 (15 N. E. 161: 5 Am. St. Rep. 565) ; *Morris* v. *Porter,* 87 Me. 510 (33 Atl. 15.)   Recoveries are had in such cases by administrators in actions at law without invoking the doctrine of following trust funds, a relief which is available only to a *cestui que trust* in a court of chancery when the property can be identified.   Perry, Trusts (5 ed.) § 17; *Lathrop* v. *Bampton,* 31 Cal. 17 (89 Am. Dec. 141) ; *Ferchen* v. *Arndt,* 26 Or. 121 (37 Pac. 161: 29 L. R. A. 664: 46 Am. St. Rep. 603.)

5.  To adopt the doctrine asserted by the trial court and insisted upon by plaintiff's counsel would make a creditor of a decedent's estate liable for a return of money which he may have received in consequence of a mistake of law, a principle not recognized by this court:  *Scott* v. *Ford,* 45 Or. 531 (78 Pac. 742: 80 Pac. 899: 68 L. R. A. 469: 52 Or. 288: 97 Pac. 99.)   The conclusion deduced that the money paid by Thorson constituted a trust fund which was received by the defendants with knowledge of its source, and in consequence thereof is recoverable in an action at law by a *quasi* trustee, is not a correct exposition of the law as applicable to the facts involved, and is erroneous.   When this cause was here before, Mr. Chief Justice BEAN, speaking for the court, said:

"Now it appears from the facts, as alleged in the pleadings in the case at bar, that the payment by Thorson to the sheriff was made under a mistake of fact as to the nature of the order of the circuit court and upon the advice of the attorney for the defendants, who he supposed at the time was acting for the estate. Thorson was notified by the sheriff that the circuit court had made an order in the attachment proceedings requiring him to pay the amount of the judgment, recovered by Hooper and Hudson against Eden and Brown, out of the funds of the estate, and that such order was in the hands of the officer for execution, when, in fact, no such order had been made. Relying upon this statement, and the erroneous advice of the attorney for the defendant, he paid the amount of the judgment out of the trust funds in his hands, and the money was subsequently paid to the defendants. If these facts are true, and for the purposes of this case it must be so assumed, we think in equity and good conscience plaintiff should be permitted to recover it." *Thorsen* v. *Hooper,* 50 Or. 497, 500 (93 Pac. 361, 362.)

The issues were thus clearly defined and findings of fact should have been made thereon. No order of the county court having ever been made requiring the payment of the remainder due on the promissory note executed to Brown, the attempt by garnishment, in the absence of a statute authorizing it, to hold Thorson in his representative capacity, and thus to subject the assets of the decedent's estate in his possession to the satisfaction of any judgment that might be rendered in the attachment proceedings, was void: *Harrington* v. *La Rocque,* 13 Or. 344 (10 Pac. 498.) Such being the case, any order directing the collection of the debt, or the payment of the judgment in that action from the assets of the estate, was futile. If the attorney acted in good faith when he told Thorson that this order was valid and should be obeyed, the advice was a mis-statement of law and precludes a recovery of the money so paid. If, however, the facts stated by Mr. Chief Justice BEAN, herein-

before quoted, shall be established, judgment should be rendered against the defendants.

An error having been committed in the conclusion of law, the judgment is reversed and the cause remanded for a new trial.

Mr. Justice Eakin took no part in the hearing or consideration of this appeal.                          Reversed.