Argued January 19, affirmed February 6, 1917.

## JONES v. ROSS.*

(162 Pac. 974.)

**Executors and Administrators — Sale of Realty — Procedure — Directions for Sale.**

1.  Under Section 1263, L. O. L., providing that, when a testator shall provide in his will for the sale of his estate, it may be sold as directed by the executor without an order of the court, an executrix given by the will with a power of sale, accompanied by a command to execute it, can sell the realty without taking the preliminary steps required by Sections 1248, 1253–1255, L. O. L., or obtaining the order for sale required by Section 1256.

**Executors and Administrators—Sale of Realty—Direction for Sale—Publication of Notice.**

2.  Where a will gave an executrix a naked power to sell the real estate and commanded her to exercise that power, but gave no directions as to the manner and terms of sale, the executrix could not, under Section 1263, L. O. L., providing that, when a testator makes provision in his will for the sale of his estate, it may be sold as directed by the executor without an order of the court, but that he shall be bound to conduct the same and make return thereof in all respects as if made by order of the court, unless there are special directions in the will concerning the manner and terms of sale, in which case he shall be governed by such directions, give a binding option to sell without giving the notice of sale required by Section 1257.

**Executors and Administrators—Sale of Realty—Power—Trust.**

3.  The powers of an executrix who was given by the will a naked power to sell real estate differ from those of a testamentary trustee to whom the land was devised with directions to sell to carry out the trust, and who is usually free from the statutory limitations imposed on executors and administrators.

[As to implied power of executor to sell real estate of testator, see note in Ann. Cas. 1916D, 410.]

*On the question of implied power of executor or trustee to sell real property, see comprehensive note in 32 L. R. A. (N. S.) 676.
                                                                    REPORTER.

From Columbia: JAMES A. EAKIN, Judge.

Department 2.   Statement by MR. JUSTICE HARRIS.

L. A. Jones is attempting to compel the performance of an alleged contract for the sale of land.   Frances Ross is the executrix of the estate of John Frederick Dangerfield, deceased.   A tract of land known as the Dangerfield farm "is a part of said estate."   Dangerfield left a will dated January 26, 1914, in which he provided for the payment of his debts, nominated the executrix and directed:

"That all my property, both personal and real, situate in said county and state, be sold by my executrix as soon as conveniently after my decease, and that out of the proceeds of said sales she shall pay to my sister Helen Weaver, in Hereford, England, one thousand dollars, and to Frances Ross of Scappoose, Oregon, five thousand dollars, and all the rest and residue of my property and the proceeds of said sale I desire to be equally divided between my said sister Helen Weaver and said Frances Ross."

On March 13, 1915, without having given or published any notice of sale, Mrs. Frances Ross gave to L. A. Jones, in consideration of $20, "the exclusive and sole right and option to purchase from me" the Dangerfield farm for $6,000, to be paid in cash on May 12, 1915, or by installments, and if Jones elected to pay by installments, he was required to make the first payment of $1,000 "within 60 days from date."   The written option is signed, "Mrs. Frances Ross," and no mention is made of the signer as executrix.   On May 12, 1915, Jones tendered $1,000 to "Frances Ross, executrix of said estate," and offered to carry out the terms of the written option; but "Frances Ross, executrix of the estate of John Dangerfield, deceased, did then and there * * refuse to accept or take said

money, and did then and there refuse to proceed or carry out the terms and provisions'' of the option. Mrs. Frances Ross, as an individual, and Frances Ross, as an executrix, are both made defendants, alalthough the complaint alleges that ''Mrs. Frances Ross had no right, title or interest in said estate, except as executrix of the will of John Dangerfield, deceased.''

The trial court sustained a demurrer to the amended complaint, and then, when the plaintiff refused to plead further, decreed that the suit be dismissed; whereupon the plaintiff appealed.        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Charles M. Hodges.*

For respondents there was a brief and an oral argument by *Mr. J. W. Day.*

MR. JUSTICE HARRIS delivered the opinion of the court.

The plaintiff is not attempting to compel Frances Ross to carry out the contract as an individual, but the object of the suit is to enforce the performance of the contract by her as executrix. The complaint proceeds upon the theory that the written option binds Frances Ross as executrix, and that it was her duty as such executrix to report the sale to the county court; for it is expressly alleged that it ''was the duty of Frances Ross, as executrix'' of the estate, ''to receive the $1,000 as the first payment of the purchase price of said estate and report the sale of said estate to the county court as provided by law.'' For the purposes of this discussion we shall assume, without deciding, that the written option is the contract of Frances Ross as executrix, and that she is obligated in her repre-

sentative capacity to whatever extent the writing would be enforceable if it had been signed by her as executrix. The defendants contend that the option is a nullity, because the statute was not followed; while the plaintiff argues that the will itself conferred ample power upon the executrix to make the contract.

The Code prescribes the procedure for the sale of real property by executors or administrators. A petition must be filed and notice given to the devisees and heirs (Sections 1248, 1253, 1254 and 1255, L. O. L.) ; a hearing must be had and an order of sale made (Section 1256, L. O. L.) ; if the land is sold at public auction, the sale must be made in the same manner as like property is sold on execution, and, if sold at private sale, the executor must publish a prescribed notice (Section 1257, L. O. L.) ; a return of the sale must be made to the County Court (Section 1258, L. O. L.) ; and upon the hearing the court confirms the sale or a resale may be ordered (Section 1260, L. O. L.). Before proceeding further, attention is especially directed to Section 1263, L. O. L., which, so far as it is material, reads thus:

"When a testator shall make provision in his will for the sale or disposition of all or any particular portion of his estate, the same may be sold or disposed of as directed, by the executor or administrator with the will annexed, without an order of the court therefor, but he shall be bound to conduct the sale and make a return thereof in all respects as if it were made by order of the court, unless there are special directions in the will concerning the manner and terms of sale, in which case he shall be governed by such directions in such respects. * * "

1. Turning to the will, we observe that the testator has granted to the executrix a naked power of sale, which is accompanied with a command, however, that

she shall execute the power; but no directions are given concerning the manner or terms of sale. Since the will clothes the executrix with authority to sell the land, it follows that it was not necessary for her to secure an order of the court permitting the sale, for the reason that Section 1263, L. O. L., provides that the power of sale may be exercised without an order of the court: *Brown* v. *Brown,* 7 Or. 286, 299; *Northrop* v. *Marquam,* 16 Or. 173, 187 (18 Pac. 449).

2. If a testator supplements the power of sale with directions concerning the manner and terms of sale, then the executor or administrator "shall be governed by such directions in such respects"; but, if the will contains no directions concerning the manner and terms of sale, then every step must be taken which the statute prescribes shall be taken subsequent to the order of sale, for the reason that the executor or administrator is then "bound to conduct the sale and make a return thereof in all respects as if it were made by order of the court." One of the steps marked out by statute is the giving of notice of the sale, and this notice must be given whether the sale is public or private: *Estate of Durham,* 49 Cal. 490, 495; *Perkins* v. *Gridley,* 50 Cal. 97. The executrix was powerless to make a binding contract without giving notice of the sale, and the writing relied upon by the plaintiff is therefore a nullity.

3. The will did not devise the land to the executrix with directions to sell. The power to sell was not coupled with an interest held by the executrix. While she is, of course, a trustee in a certain sense of the term, even when acting as executrix, yet the will does not make Frances Ross the executrix, and also name her as the technical trustee to carry out a specific trust. The complaint alleges that what Frances Ross

did was done by her as executrix, and the plaintiff is seeking to hold her as executrix. Even if it be conceded that the will provides for the creation of a trust and the appointment of a trustee as distinguished from an executrix, there is nothing in the amended complaint to show that Frances Ross has metamorphosed from an executrix into a trustee by having fully discharged her duties as executrix: *Roach's Estate,* 50 Or. 179, 187 (92 Pac. 118). If the will had devised the land to Frances Ross in trust, with directions to sell, and if the debts of the testator and the expenses of administration had been paid, and if the duties of the executrix had been fully performed, and the duties of testamentary trustee assumed, then there would be room for the contention that she could sell the land without following the steps prescribed for the sale of land by executors or administrators. In the instant case, however, the power conferred upon Frances Ross was granted to her as an executrix, and, therefore, when she acts in that capacity, she is governed by the statutes which prescribe the procedure for the sale of lands by executors and administrators. The distinction between an executor and a testamentary trustee is recognized and the difference between their powers is noted in *Brown* v. *Brown,* 7 Or. 286, 299. See, also, *Thorsen* v. *Hooper,* 57 Or. 75 (109 Pac. 388); *Id.,* 50 Or. 497 (93 Pac. 361); *Jasper* v. *Jasper,* 17 Or. 590, 597 (22 Pac. 152); *Edgar* v. *Edgar,* 26 Or. 65 (37 Pac. 73).

California has a statute much like Section 1263, L. O. L., and the Supreme Court of that state has in numerous adjudications pointed out the difference between the authority of a testamentary trustee and the power of an executor. Ordinarily the executor acts pursuant to the directions of the Probate Court, and

is guided by the statutes regulating the doings of executors, while a testamentary trustee is usually subject to the directions of the Circuit Court, and is freed from the statutory limitations imposed upon executors and administrators: *Estate of Matthew Delaney,* 49 Cal. 76; *In re Williams,* 92 Cal. 183 (28 Pac. 227, 679); *In re Pearsons,* 98 Cal. 603 (33 Pac. 451); *Bennalack* v. *Richards,* 116 Cal. 405 (48 Pac. 622); *Estate of Pforr,* 144 Cal. 121 (77 Pac. 825); *Bennalack* v. *Richards,* 125 Cal. 427 (58 Pac. 65).

If the testator had devised the land to a designated person with directions to sell and execute a specified trust, and if the testamentary trustee had made a contract to sell, quite a different question would be presented. The Dangerfield will confers the naked power to sell upon the executrix, who must exercise the power as executrix, and not as a testamentary trustee, in the administration of the estate pursuant to the statutes governing the sale of land by executors and administrators and subject to the jurisdiction of the Probate Court. The so-called option to purchase is a nullity, and cannot be enforced against the executrix in any court.

The decree is affirmed.          AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE BENSON concur.