Argued November 26; affirmed December 10, 1940

IN RE FREITAG'S ESTATE

# WHITE *v.* FREITAG

(107 P. (2d) 978)

428

*James L. Conley*, of Portland, for appellant.

*Frank H. Hilton*, of Portland, for respondent.

RAND, C. J. On October 10, 1936, Anna Rosa Freitag died from injuries received in a collision between an automobile in which she was riding and a switch engine belonging to the Northern Pacific Terminal Company of Oregon. Henry Freitag, her father, was duly appointed as administrator of her estate and, as such, he brought an action against said company to recover damages for her death. That action resulted in a compromise in which the administrator received certain moneys, which, after the payment of attor-

neys' fees and the costs of such action, amounted to $1,542.50. Thereafter and on October 1, 1937, the administrator filed his final account in the probate department of the circuit court for Multnomah county, setting forth that, after the payment of all claims and charges against the estate, he had in his hands as administrator and ready for distribution the sum of $1,542.50, less the cost of publication of notice of the filing of said account and of the day appointed by the court for the hearing of objections thereto, and that the administrator and his wife, the father and mother of the decedent, were the sole heirs and distributees of the moneys remaining in his hands after the payment of said cost of publication, and praying for an order approving the final account and authorizing the said administrator to pay over said moneys to himself and his wife, and an order was thereupon made and entered in said court appointing the second day of November, 1937, for the settlement of said account and directing that notice thereof be duly published as required by law.

After the filing of said final account and the making of the order last mentioned but before the account had been approved, the administrator paid over and distributed to himself and wife the said sum less said cost of publication. Sometime prior to any of said transactions, in an action brought in the circuit court for Multnomah county by Nora White, as plaintiff, a judgment was entered in her favor against the said Henry Freitag and Anna Freitag, his wife, and, as such judgment creditor, she caused an execution to be issued thereon and a copy of said writ and notice of garnishment to be served upon Henry Freitag, as administrator, on October 13, 1937, which was some days after

said moneys had been so distributed and at a time when the administrator had no moneys in his hands belonging to himself or wife.

Presumably, because of the service of these papers, no further proceedings were had in the administration of the estate until the 9th day of September, 1939, during which time Nora White, the judgment creditor, had died testate and Margaret White, the plaintiff, herein, had been duly appointed as executrix under the will. On said 9th day of September, 1939, the executrix filed a petition in said probate court, setting forth the facts above stated and obtained an order from said court requiring the administrator to show cause why the said sum of money should not be immediately paid over by the administrator to the sheriff of Multnomah county. The administrator answered said petition, setting up as defense thereto that at the time the said writ and notice were served the distribution had already been made and that the administrator had no moneys or property in his hands belonging either to himself or his wife. A hearing was had on said petition and answer, and an order was made and entered in which that court found and adjudged as follows:

"It is adjudged that said administrator had no moneys in his hands on said October 13, 1937, to which Henry Freitag or Anna R. Freitag were entitled by reason of the fact that without court order said administrator had previously distributed their respective shares to them."

From this last mentioned order, the plaintiff has appealed.

■ Prior to the enactment of chapter 95, Or. L. 1931, the interest of an heir or legatee in the personal property of an estate was not subject to attachment or gar-

nishment until after his distributive share had been ascertained and an order made directing that it be paid: *Harrington v. La Rocque*, 13 Or. 344, 10 P. 498; *Thorsen v. Hooper*, 50 Or. 497, 93 P. 361. Under the present law that rule has now been changed by statute in this state so that an attachment or levy upon the interest of any person in the personal property of an estate may be attached or levied upon before the distributive share of such person has been ascertained or ordered to be paid, subject, however, to the provision in the statute that such an attachment or levy shall not impair the powers of the personal representative over such property for the purposes of administration, and also subject to the provision that the property attached or levied upon shall not be delivered to the officer making the levy until the decree distributing such interest has become final. When the levy was attempted to be made in the instant case, the administrator, as the court found, had paid over to himself and his wife respectively their distributive shares in the estate of their daughter, leaving nothing in the hands of the administrator that could be attached or levied upon in satisfaction of said judgment.

It is true that no order had been made, directing the administrator to make such distribution but, by a later order of the court, the court sanctioned the making of such distribution and there is no contention raised that the moneys so paid did not constitute the distributive share which each of said parties was entitled to receive. Nor is there any charge that this distribution was not made in good faith.

"That one may be held as a garnishee he must be indebted to the principal defendant, or be in possession of property belonging to him within the jurisdiction

of the court." 2 Shinn on Attachment and Garnishment, § 490.

■ That both Freitag and his wife were individually indebted under the judgment is conceded but Freitag in his representative capacity was not indebted to the plaintiff at the time the attempted garnishment was made or at any other time, and, not having any property in his hands which was or could be subject to garnishment, the attempted service was a nullity so far as creating any liability upon the part of the administrator or his bondsmen.

The act in question contains two provisos, the last reading as follows:

"and provided further, that if, by virtue of an order of court, or otherwise, a partial distribution shall have been made by the personal representative of decedent to any such heir, legatee or devisee prior to the service of such attachment or execution, only the remainder of the personal estate going to such heir, legatee or devisee shall be affected by such attachment or execution."

■ The plaintiff contends that the words "by virtue of an order of court, or otherwise," mean some direction by the court, or something equivalent to an order, and that, in the absence of an order or its equivalent, the administrator had no authority to make the distribution. In support thereof, she invokes the rule of *ejusdem generis*; that is to say, general words following an enumeration of specific things are usually restricted to things of the same kind as those specifically enumerated. That rule is resorted to only as an aid in case of doubt. Here, the language of the act is so clear and unequivocal that rules of construction such as the rule of *ejusdem generis* have no application

and should not be applied since there can be no doubt as to the meaning of the statute, which obviously means whether an order of the court was made or not. See *National Bank v. Ripley,* 161 Mo. 126, 132, 61 S. W. 587; *English v. Shelby,* 116 Ark. 212, 172 S. W. 817; *In re Orwig's Estate,* 185 Iowa 913, 167 N. W. 654; *Northern Welding Co. v. Jordan,* 150 Minn. 12, 184 N. W. 39. Probate courts and courts of record can speak only through their orders.

The rule applicable under the facts of this case is stated in 4 Am. Jur., p. 815, § 420, as follows:

"An administrator cannot, of course, be garnished for a sum he has rightfully paid a distributee. Nor are any rights of creditors of a distributee of an estate infringed by the payment by the administrator to the distributee of his distributive share, without notice to the creditors, and before the passing of his account."

In support of the rule so announced, the authors cite *American Agri. Chemical Co. v. Scrimger,* 130 Md. 389, 100 Atl. 774, where the court said:

"There is no duty cast upon the administrators or executors to ascertain the creditors, if any, of the distributees, or to notify them of his intention to distribute the estate, and he assumes no risk, so far as they are concerned, in paying to the distributees, before the passing of an account, the distributive shares to which they are entitled; therefore, if the administrator in this case paid to the distributee the amount to which he was entitled, though paid before the passage of the administration account, no rights of an attaching creditor have been infringed upon."

In that case the court also held that an administrator is not subject to garnishment for the share of a distributee of the estate after the delivery of a postdated check for the amount of such share, although his ac-

count has not been passed by the court. Upon this point, it was held in *State v. Glen Falls Indemnity Co.*, 120 Conn. 178, 179 Atl. 823, that:

"* * * An administrator may pay to one claiming as heir his proper share of the estate without such an order, but, in doing this, he assumes the risk attendant upon not paying the money to the persons properly entitled to it."

See also *Security Investment Co. v. Lottridge*, 2 Neb. Unof. 489, 89 N. W. 298.

This court, speaking through Mr. Justice LORD in *Weider v. Osborn*, 20 Or. 307, 313, 25 P. 715, in discussing the powers of an executor or administrator over the personal property of an estate, quoted with approval the following:

"Such being the general powers of the executor or administrator, he may," said Dixon, C. J., "if he chooses, but at his own risk, make an advance to the heir or distributee before a decree for that purpose. His knowledge of the condition of the estate may frequently enable him to do so without any real danger to himself; but if such advances are not afterwards covered by a decree, he and his sureties are responsible."

See also 7 C. J. S., p. 257.

■ Here, as above stated, the decree entered in the probate court ratified and confirmed the distribution in question. Hence, we hold, both under statute and under the law generally as it has been applied by the courts, the distribution made in this case before the service of garnishment was made upon the administrator was valid although made without any previous order of the probate court.

For these reasons the order and decree appealed from is affirmed.

BELT, BAILEY and LUSK, JJ., concur.